# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS L. MAHNKEN, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-02095 SRC |
| | ) | |
| WRIGHT MEDICAL TECHNOLOGY, INC., et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File Amended Complaint [46] and Joint Motion to Amend the Case Management Order [52]. The Court grants both Motions.

## I. BACKGROUND

On November 14, 2018, Plaintiff Curtis L. Mahnken filed a petition in the Circuit Court of the City of St. Louis asserting claims of negligence, strict products liability for defective design and manufacture and failure to warn, breach of warranty, and intentional misrepresentation and fraud against Defendants Wright Medical Technology, Inc., MicroPort Orthopedics, Inc., and PellMed, LLC concerning an artificial hip implanted in Mahnken. Doc. 5. Defendants removed the case to this district on December 18, 2018. Mahnken now seeks to amend his petition to allege the correct mechanism of failure in the artificial hip implanted in Mahnken. He does not seek to assert any new causes of action or add any parties.

## II. STANDARD

Where a party seeks leave to amend a complaint after the deadline in the applicable case management order has passed, the Federal Rule of Civil Procedure 16(b) good-cause standard

applies first, then the "when justice so requires" standard of Rule 15(a) applies. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). Rule 16(b)(4) states, "A schedule may be modified only for good cause and with the judge's consent." Rule 15(a)(2) states, "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Rule 16(b) governs the issuance and modification of pretrial scheduling orders while Rule 15(a) governs amendment of pleadings. Fed. R. Civ. P. 16(b) and 15(a). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716 (*quoting Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Good cause requires a change in circumstance, law, or newly discovered facts. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). If a party has been diligent in meeting the scheduling order's deadlines, the Court should then decide if the amendment is proper under Rule 15(a), including whether the other parties will suffer prejudice. *Sherman*., 532 F.3d at 716-17. A court should only deny leave to amend when there is undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated. *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001).

### III. DISCUSSION

Mahnken filed his original petition on November 14, 2018. The case management order, entered on March 15, 2019, sets the deadline for amendment of pleadings for May 28, 2019. Mahnken did not file the pending Motion to Amend until October 22, 2019. Therefore, Rule 16(b)'s good-cause standard applies and then Rule 15(a)'s "when justice so requires" standard.

In his original petition, Mahnken alleged that his artificial hip failed, requiring a second revision surgery performed in January 2018, and that the mechanism of failure was a fracture, or

breakage, of the Profemur Plus CoCr Modular Neck.  Medical records and photographs of the devices show that the alleged mechanism of failure was instead a combination of the corrosion of the trunnion and stem of the device, metallosis of the soft tissues around the hip, mechanical failure of the stem, and displacement of the neck from the stem.

Mahnken's counsel received his medical records prior to filing his original petition in this action.  However, they incorrectly believed the neck of the artificial hip had fractured because the specific model of artificial hip implanted in Mahnken had been recalled because the necks were fracturing.  During the course of discovery, defense counsel informed Mahnken's counsel that they interpreted the photographs to show that the neck component had not fractured.  At this time, Mahnken's counsel reconsidered their interpretation of the photographic evidence.  Mahnken now seeks to correctly allege the facts that are now known and understood to Mahnken and his counsel to be the circumstances of the failure of Mahnken's artificial hip.

In light of Defendants' opposition to this Motion, the Court held a hearing.  Based on the record in this case, the Court finds Mahnken has established good cause.

Additionally, filing of the amended complaint does not result in prejudice to Defendants.  Discovery remains open, the parties have not conducted any depositions, disclosed experts, or filed dispositive motions, and the additional facts are similar to the original complaint.  Whether the Court grants leave to amend or not, the parties jointly seek amendment of the case management order to complete discovery.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint [46] is **GRANTED**.  The Court accepts for filing Plaintiff's Amended Complaint.

**IT IS FURTHER ORDERED** that the Joint Motion to Amend the Case Management Order [52] is **GRANTED**. The Court will enter a separate Amended Case Management Order.

So Ordered this 17th day of January, 2020.

*SLR.CR*

---
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**